UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRISCOLL MISSION BAY, LLC, dba DRISCOLL MISSION BAY, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>M/Y NEW HORIZON, U.S.C.G. Official No. 1102966, a 37.5-Foot Carver Motor Yacht, AND ALL OF HER ENGINES, TACKLE ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*,<br><br>Defendant. | Case No.: 3:24-cv-1396-JES-SBC<br><br>**IN ADMIRALTY**<br><br>**ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZING MOVEMENT OF DEFENDANT VESSEL**<br><br>**[ECF No. 4]** |

Plaintiff DRISCOLL MISSION BAY, LLC, dba DRISCOLL MISSION BAY ("PLAINTIFF"), by and through its attorneys, Brodsky, Micklow, Bull & Weiss, L.L.P., having appeared and made the following recitals:

1. PLAINTIFF filed its Verified Complaint herein praying that Defendant M/Y NEW HORIZON (the "DEFENDANT VESSEL") be condemned and sold to pay their demands and for other proper relief.

1

2. PLAINTIFF accordingly anticipates that an Order will issue following its Application for Order Requiring Issuance of Warrant for Vessel Arrest, requiring that the Clerk of this Court issue a Warrant for Arrest of the DEFENDANT VESSEL, and commanding that the United States Marshal for this District arrest and take into custody the DEFENDANT VESSEL and detain her in custody until further Order of this Court respecting same.

3. It is therefore contemplated that the United States Marshall will arrest the DEFENDANT VESSEL forthwith, Custody by the United States Marshal requires the services of one or more keepers, and does not include charges for wharfage and the other services usually associated with safekeeping vessels similar to the DEFENDANT VESSEL.

4. PLAINTIFF'S marina shares the premises with its boatyard, both of which are located at 1500 Quivira Way, San Diego, California. It has agreed to assume the responsibility for safekeeping of the said DEFENDANT VESSEL at its boatyard, and to act as her Substitute Custodian there until further Order of this Court. It will provide, as necessary under the circumstances, the following services for the safekeeping and preservation of the DEFENDANT VESSEL, at a cost not to exceed the locally prevailing rates, as described below, and with further particularity in the Declaration of Max Maher:

   a. As soon as possible after assuming custody of the DEFENDANT VESSEL, at a cost of $200.00, photograph and/or video record her interior and exterior, and prepare a written inventory of key equipment and property on the vessel which is not installed as part of the vessel;

   b. Provide ongoing wharfage and custodial services at PLAINTIFF's standard transient vessel storage rate of $5.00 per foot of overall vessel length per day (i.e., 37.5 ft. x. $5.00 = $187.50 per day). Custodial services shall include maintenance of the insurance specified below and general custodial services, daily specific visual inspection of the exterior of the vessel for tampering or

any other problems. If it is determined that further action is necessary beyond those detailed herein the Substitute Custodian shall notify its counsel, so counsel can seek an appropriate Order from the Court.

    c. Provide interior vessel inspections twice monthly, at the rate of $50.00 per inspection, to confirm there has been no intrusion by rodents or other pests has occurred, and that there is no indication the vessel has been accessed by anyone other than the Substitute Custodian, and to generally inspect the vessel's interior areas for evidence of damage or other problems not present during prior interior inspections.

    d. Provide, at rate not exceeding the usual and customary rates prevailing in the Port of San Diego, additional services, including cleaning, minor maintenance, as such services are deemed reasonably prudent and necessary to preserve and protect the DEFENDANT VESSEL, with such services to be invoiced at 15% above the Substitute Custodian's cost therefor.

    e. In the absence of a Court Order the Substitute Custodian shall not run the vessel's engines or generators.

    f. Provide other such services as might be required from time-to-time, by further Order of the Court.

5. The Substitute Custodian's responsibility shall not extend to inherent or latent defects or deficiencies in the hull, machinery or equipment, nor to any fines, penalties or costs related to the above.

6. The Substitute Custodian will not sell the DEFENDANT VESSEL or release her to anyone and/or let anyone aboard her, other than as necessary to comply with its Substitute Custodian duties, or in the case of emergency, or as otherwise directed by the Court.

7. PLAINTIFF, by the Declaration of Max Maher has averred that PLAINTIFF has adequate facilities and supervision for the proper safekeeping of the DEFENDANT VESSEL, and that it maintains insurance policies which protect it against

occurrences of negligence during its custodianship. Those policies include: (1) a commercial marina liability insurance policy underwritten by National Casualty Company with a $2 million aggregate limit and $1 million per occurrence limit; (2) a marina operators legal liability policy underwritten by National Casualty Company with a $1 million limit; (3) a protection and indemnity policy with a $1 million limit underwritten by National Casualty Company; and (4) a sudden and accidental pollution policy with a $1 million limit underwritten by National Casualty Company. Further, in said Declaration the Substitute Custodian accepts, in accordance with the terms of this Order Appointing Substitute Custodian and Authorizing Movement of the Vessel, possession of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, which is the subject of the action herein.

8. PLAINTIFF, in consideration of the U.S. Marshal's consent to the Substitution of Custodian, has agreed to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, from the time the Marshal transfers possession of the DEFENDANT VESSEL over to said Substitute Custodian, and said PLAINTIFF further agree to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping of the DEFENDANT VESSEL.

**THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the Southern District be, and is hereby, authorized and directed upon seizure of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and belonging, in accordance with the Warrant for Arrest to be issued by the Clerk of this Court pursuant to

Order of the Court, to surrender the possession of the DEFENDANT VESSEL to the Substitute Custodian named herein, and that upon such surrender the U.S. Marshal shall be discharged from its duties and responsibilities for the safekeeping of the DEFENDANT VESSEL and held harmless from and against any and all claims whatever arising out of said substituted possession and safekeeping.

**IT IS FURTHER ORDERED** that PLAINTIFF Driscoll Mission Bay, LLC, dba Driscoll Mission Bay be and is hereby appointed the Substitute Custodian of said DEFENDANT VESSEL, to retain her in its custody at its boatyard for possession and safekeeping for the aforementioned compensation and in accordance with the Declaration of Max Maher and the recitals herein contained until further Order of this Court.

**IT IS FURTHER ORDERED** that if the Substitute Custodian determines that it is necessary for boatyard operational purposes to move the DEFENDANT VESSEL from her current location at its boatyard to another location there, PLAINTIFF shall be permitted to do so at its own cost, provided that the location to which the DEFENDANT VESSEL is moved is comparable to the space where she is currently stored. In such event, the Substitute Custodian shall, in order to memorialize the vessel's condition both prior to and following the move, photograph or videotape the exterior of the DEFENDANT VESSEL.

**IT IS FURTHER ORDERED** that PLAINTIFF's attorney will mail a copy of this Order on the DEFENDANT VESSEL's owner or apparent owner at the last known address, and to all known martime lien claimants and/or others with a known or suspected interest in the DEFENDANT VESSEL.

**IT IS SO ORDERED.**

Dated: August 12, 2024

_____
Honorable James E. Simmons Jr.
United States District Judge